FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 4 2020

JAMES W. McCORMACK, CLERK
By: _____
                         DEP CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PROFEMUR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION                                MDL No. 2949

## TRANSFER ORDER

**Before the Panel**: Plaintiffs in the Eastern District of Arkansas *Simpson* action and the Western District of Wisconsin *Chadderdon* action move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the Eastern District of Arkansas. These cases concern alleged defects in the Wright Medical and Microport Profemur line of modular hip implants, which were offered in titanium and cobalt chromium alloys. Plaintiffs' motion includes the 41 actions listed on Schedule A,[1] which are pending in 25 districts. Since plaintiffs filed this motion, the parties have notified the Panel of 21 additional potentially related actions.[2] Wright Medical defendants[3] and MicroPort Orthopedics Inc. oppose centralization. If an MDL is created, they suggest centralization in the Eastern District of Arkansas.

Plaintiffs in seventeen actions support centralization. They disagree as to selection of transferee district, but suggest the following: the Eastern District of Arkansas (primary choice of plaintiffs in fifteen cases, alternative choice of plaintiffs in two cases), the District of Minnesota (primary choice of plaintiffs in two cases, alternative choice of plaintiffs in five cases), the District of Arizona (alternative choice of plaintiffs in the District of Arizona *Casey* action), the Central District of California (alternative choice of plaintiffs in the Central District of California *Bodily* action), the District of Massachusetts (the alternative choice of plaintiffs in two cases). Plaintiff in the Central District of California *Burkhart* action does not oppose centralization but requests that her action be excluded from any MDL due to its advanced procedural posture.

After considering the argument of counsel,[4] we find that the actions in this litigation involve common questions of fact, and that centralization in the Eastern District of Arkansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All

---

[1] An action pending in the District of Arizona (*Mulvania*) and on the motion to centralize was dismissed during the pendency of the motion.

[2] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] Wright Medical Technology, Inc., Wright Medical Group, Inc., and Wright Medical Group, N.V.

[4] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 30, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2949 (J.P.M.L. July 14, 2020), ECF No. 104.

This case assigned to District Judge Baker
and to Magistrate Judge Harris

actions involve common factual questions about the design, marketing and performance of the Profemur line of modular hip implants, including both titanium femoral necks and those made of cobalt chromium (CoCr). Plaintiffs contend that the modular devices are prone to micromovements that lead to fluid ingress into the bore, which leads to fretting and corrosion in the stem-neck junction, which in turn leads to metallosis and increased blood metal levels and, at times, fracture of the devices. Centralization will avoid duplicative discovery, including costly expert discovery, on such complex issues as the design, testing, manufacturing, and marketing of the Profemur modular hip implant system and related motion practice. Further, we note that centralization is consistent with our past decisions in other similar hip implant dockets that we have centralized in the recent past. *See, e.g.*, MDL No. 2391 – *In re: Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*; MDL No. 2768 – *In re: Stryker LFIT V40 Femoral Head Products Liability Litigation*.

Wright and Microport oppose centralization for several reasons. They argue that there are insufficient common fact questions among the actions, that informal cooperation is workable, and that centralization will prove inefficient given the varying procedural postures of the actions. We are not persuaded by these arguments. The actions share numerous questions of fact, which is not surprising in light of the similarities of the titanium and CoCr devices. As plaintiffs note, the taper of the neck, the bore of the stem, and the tolerances between the neck and stem at their junction are identical across the entire Profemur family, regardless of the alloy used for the neck component. Moreover, as plaintiffs assert, the 2009 addition of the CoCr modular neck to the Profemur line was a product extension, and defendants' marketing of the Profemur line was the same, regardless of the alloy of the modular neck. The surgical techniques that are published by defendants for promotion to surgeons reportedly do not account for any difference between the alloys. Further, plaintiffs assert that all Profemur devices are distributed with the same labeling and Information For Use in product packaging, and the Profemur component parts were manufactured at Wright's facility in Arlington, Tennessee, which was later purchased by Microport.

The number of actions and involved districts, and the substantial similarity of the claims asserted by the various plaintiffs, suggest to us that centralization will result in significant efficiency and convenience benefits for the parties and the courts. There already are several dozen pending cases: 41 cases and 21 potential tag-along actions, with a significant number of plaintiffs' and defense counsel involved. Including the potential tag-along actions, 49 pending Profemur cases were filed since 2019. Placing the actions before a single judge (as opposed to several dozen) will result in a significant savings of judicial and party resources. The sheer number of counsel, cases and judges involved in this litigation make informal coordination impractical. As an added benefit, centralization will allow for uniform resolution of discovery issues and facilitate coordination with the three Tennessee dockets (titanium neck claims, CoCr neck claims against Wright, and CoCr claims against Microport) that are being coordinated in Shelby County, Tennessee.

Incorporating the more advanced actions may prove challenging, but doing so appears preferable at this stage to excluding all longer-pending actions. We are aware that prior rulings concerning motions

- 3 -

to dismiss[5] and discovery also have the potential to complicate pretrial proceedings in a Profemur MDL. The advanced procedural status of some cases may weigh in favor of expedited remand for trial once the transferee judge has had the time to address any common discovery, summary judgment and *Daubert* issues. But we need not decide the exact course of pretrial proceedings in the handful of advanced Profemur actions, as that is a matter dedicated to the discretion of the transferee judge.[6]

Without a doubt, there will be some individualized factual issues in each action, but these issues do not negate the efficiencies to be gained by centralization. We have previously stated that "[a]lmost all personal injury litigation involves questions of causation that are plaintiff-specific. Those differences are not an impediment to centralization where common questions of fact predominate." *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014). In addition to the specific causes of the failure of each plaintiff's device, the cases now before us implicate numerous common issues concerning the development, manufacture, testing, regulatory history, promotion, and labeling of the Profemur devices. We note that the transferee judge might find it useful, for example, to establish different tracks for the different alloys and the different modes of failure – e.g., fretting and corrosion and fracture of the modular neck component.

Plaintiff in the Central District of the California *Burkhart* action requests exclusion from the MDL. The parties recently informed the Central District of California that they had reached a settlement of *Burkhart* and needed a short time to finalize the paperwork. We will grant the *Burkhart* plaintiff's request to exclude her action, as pretrial proceedings likely have concluded in *Burkhart*. If the parties fail to finalize the settlement, then they should notify the Panel of the pendency of *Burkhart* as a potential tag-along action. *See* Panel Rules 1.1(h), 7.1 and 7.2.

We are persuaded that the Eastern District of Arkansas is the appropriate transferee district for this litigation. Most plaintiffs and defendants support Eastern District of Arkansas. Two Profemur cases are pending in this district before Judge Kristine G. Baker, who has not yet had an opportunity to preside over an MDL docket. Little Rock offers an accessible transferee forum for this litigation. Moreover, the Eastern District of Arkansas is located near the Wright and Microport defendants' Memphis headquarters, where relevant documents and witnesses may be found.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside of the

---

[5] Motions to dismiss have been ruled upon in ten actions, but the transferee judge should be able to account for those cases with narrower claims. Section 1407 does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization. *In re Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010).

[6] *Cf. In re Mirena IUD Prods. Liab. Litig.*, 938 F. Supp. 2d 1355, 1357 (J.P.M.L. 2013) ("[T]he transferee judge is in the best position to incorporate those actions in a manner that accommodates the progress already made while also addressing the issues raised in the more recently filed actions. . . . [T]he degree of consolidation or coordination is a matter soundly dedicated to the discretion of the transferee judge.").

- 4 -

Eastern District of Arkansas are transferred to the Eastern District of Arkansas and, with the consent of that court, assigned to the Honorable Kristine G. Baker for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that centralization of the action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry           Nathaniel M. Gorton
Matthew F. Kennelly          David C. Norton

IN RE: PROFEMUR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2949

## SCHEDULE A

District of Arizona

CASEY v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL.,
    C.A. No. 2:19-05360

Eastern District of Arkansas

MUSTICCHI v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL.,
    C.A. No. 4:19-00607
SIMPSON, ET AL. v. WRIGHT MEDICAL GROUP, INC., ET AL.,
    C.A. No. 5:17-00062

Central District of California

BUCHANAN, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    C.A. No. 2:19-04824
COLE, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 2:20-03993
BODILY v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL.,
    C.A. No. 5:18-02244

Eastern District of California

BAKER, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    C.A. No. 2:20-00823

Southern District of California

HOFER, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL.,
    C.A. No. 3:18-01991
SIVILLI v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL.,
    C.A. No. 3:18-02162

District of Colorado

MARSHALL, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    C.A. No. 1:19-01883

Northern District of Florida

STOUFFER v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 3:19-03818

- A2 -

Northern District of Georgia

SHARIF, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    C.A. No. 1:20-01300

Northern District of Indiana

EVANS, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL.,
    C.A. No. 3:19-00160

Northern District of Iowa

DUMLER, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    C.A. No. 6:17-02033
HILL, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 6:20-02032

District of Kansas

BURDOLSKI v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 2:20-02116

District of Maine

KIEF v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 1:18-00035

District of Maryland

WILLIAMS v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 1:20-00578

District of Massachusetts

GARFIELD, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    C.A. No. 1:18-11872
MCDONALD v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 1:18-12570
BRADLEY v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No.1:20-10215
MATUSZKO, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    C.A. No. 3:20-10200
JURCZYK v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 4:19-40126

District of Minnesota

MONSON v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 0:18-01282
GALE, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 0:20-01009

- A3 -

District of Montana

MATOSICH v. WRIGHT MEDICAL GROUP, INC., ET AL., C.A. No. 9:19-00016

District of New Jersey

LOPEZ, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 1:19-12583

Southern District of New York

SAFIR v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 1:18-10742

District of Oregon

HASKELL v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 3:19-01563

Western District of Pennsylvania

HARRIS, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL., C.A. No. 2:19-00280

District of South Carolina

MILES v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 4:20-00941

District of Utah

BRADSHAW, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL., C.A. No. 1:16-00108
BURNINGHAM, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL., C.A. No. 2:17-00092
SMOLKA v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 2:19-00263

Northern District of West Virginia

LAYTON, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 1:20-00083

Eastern District of Wisconsin

RIDOLFI v. WRIGHT MEDICAL TECHNOLOGY, INC., C.A. No. 2:20-00680

- A4 -

<u>Western District of Wisconsin</u>

TZAKIS, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    C.A. No. 3:19-00545
CHADDERDON, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    ET AL., C.A. No. 3:19-00787
LARSEN v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    C.A. No. 3:20-00261
CRAUGH, ET AL. v. WRIGHT MEDICAL TECHNOLOGY, INC.,
    C.A. No. 3:20-00270

**IN RE: PROFEMUR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION**                                   MDL No. 2949

## SCHEDULE B

<u>Central District of California</u>

BURKHART v. WRIGHT MEDICAL TECHNOLOGY, INC., ET AL.,
    C.A. No. 2:17-08561