UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE: PROFEMUR HIP IMPLANT | ) | MDL No. 2949 |
| PRODUCTS LIABILITY LITIGATION | ) | ALL CASES |

## ORDER

The Judicial Panel on Multidistrict Litigation ("JPML") transferred to this Court for centralized pretrial proceedings actions that concern alleged defects in the Wright Medical and Microport Profemur line of modular hip implants, which were offered in titanium and cobalt chromium alloys (the "MDL").

By letter to all counsel of record dated October 29, 2020, and Order entered on November 20, 2020, the Court informed all counsel that it would convene a conference on November 30, 2020, to address plaintiffs' leadership structure and certain administrative matters. The Court convened a telephone hearing on November 30, 2020, with counsel for the limited purpose of addressing plaintiffs' leadership including liaison and co-lead counsel.

Having considered all of the factors in the *Manual for Complex Litigation (Fourth)* and other accepted guidance with respect to the appointment of liaison and leadership counsel in cases of this kind, and hearing no objection during the telephone hearing on November 30, 2020, conducted with plaintiffs' counsel and receiving no objection since, the Court for good cause shown orders as follows:

**I.      MDL Liaison Counsel**

The Court appoints Paul James of Little Rock, Arkansas, with the firm of James & Carter, PLC, to serve as MDL Liaison Counsel. Mr. James is tasked with the following:

1. To receive orders and notices from this Court and from the JPML on behalf of all plaintiffs;

2. To the extent certain orders and notices are not available electronically to all parties, to prepare and transmit copies of such orders and notices to such parties electronically within three days after receipt, unless such service has been waived in writing by a receiving counsel or is otherwise achieved through CM/ECF;

3. To maintain and make available upon request to all counsel and the Court an up-to-date service list of plaintiffs' counsel;

4. To serve a copy of the most recent pretrial order to plaintiff's counsel appearing in each new action upon removal, transfer, or consolidation into this MDL; it shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court;

5. To maintain complete files with copies of all documents served upon MDL Liaison Counsel and to make such files available to parties upon request; and

6. To perform other responsibilities as maybe deemed appropriate by Plaintiffs' MDL Co-Lead Counsel or Plaintiffs' MDL Steering Committee, including but not limited to scheduling leadership meetings and keeping minutes thereof, preparing agendas for status conferences and/or reporting on the status of the case as requested by the Court, and performing other necessary administrative or logistic functions for the effective and efficient functioning of the MDL.

**II.  Plaintiffs' MDL Co-Lead Counsel**

The Court appoints George E. McLaughlin, with the firm of Warshauer McLaughlin Law Group, P.C., and N. Kirkland Pope, with the firm of Pope McGlamry, P.C., to serve as plaintiffs'

co-lead counsel in this MDL.  Mr. McLaughlin and Mr. Pope currently serve as co-lead counsel in the Tennessee State Court Coordinations and have experience litigating Profemur related claims. Mr. McLaughlin and Mr. Pope are tasked with the following:

1. To schedule meetings, provide agenda items, assign work, and follow-up on work assignments to make sure that work is conducted in a timely fashion;

2. To determine and present in pleadings, motions, briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of plaintiffs on all matters arising during the pretrial proceedings in this MDL and in response to any inquiries by the Court, subject to the terms set forth in this Order with respect to the right of any plaintiff's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;

3. To direct and execute on behalf of plaintiffs the filing of pleadings and other documents with the Court, subject to the terms set forth in this Order with respect to the right of any plaintiff's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;

4. To appear at hearings and conferences regarding the MDL as most appropriate for effective and efficient prestation, while avoiding unnecessary expense;

5. To initiate, coordinate, and conduct all types of discovery on behalf of plaintiffs in this MDL consistent with the Federal Rules of Civil Procedure, including but not limited to the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

6. To seek the assistance of other plaintiffs' counsel, including but not limited to other attorneys selected to be members of Plaintiffs' MDL Steering Committee, in the performance of all work necessary for the pretrial preparation of the case, including investigation, research, briefing, and discovery, with particular attention to using efficiently the resources of other plaintiffs' counsel in a manner commensurate with those lawyers' resources and experience, and in a manner to ensure efficiency and effectiveness;

7. To make all work assignments on behalf of plaintiffs in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

8. To negotiate and enter into stipulations and agreements with opposing counsel as necessary throughout the pretrial proceedings in this MDL, including discovery, mediation, and other pretrial matters, subject to the terms set forth in this Order with respect to the right of any plaintiff's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;

9. To consult with and employ experts as necessary;

10. To conduct pretrial settlement negotiations on behalf of all plaintiffs as necessary;

11. To prepare and distribute periodic status reports to the Court, as requested, and to the parties;

12. To develop and recommend for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitor and administer such procedures; and

13. To otherwise direct, coordinate, and supervise the pretrial preparation of plaintiffs' claims in this MDL and to perform such other duties as may be needed for proper coordination of plaintiffs' pretrial activities and prosecution of the claims or as may be further directed by the Court.

14. Unless granted relief from or a modification of the terms of this Order by the Court, no papers shall be served or filed, no arguments raised with the Court, and no process, discovery, or other procedure shall be commenced by any plaintiff's counsel other than Plaintiffs' MDL Co-Lead Counsel or their designee(s), with the exception of: (1) entries or withdrawals of appearance; (2) motions to remand to state court; and (3) briefs responding to defense motions filed in the individual cases.  This is intended to prevent duplication of pleadings, discovery, or tasks by plaintiffs' counsel.  Any attorney may file other motions for relief from or to modify this or any other Order of the Court, but counsel are cautioned that they should do so only if there is a matter of utmost importance that they have already unsuccessfully sought to have raised by Plaintiffs' MDL Co-Lead Counsel.

15. All stipulations entered into by Plaintiffs' MDL Co-Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation.  Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after service by Plaintiffs' MDL Liaison Counsel or Plaintiffs' MDL Co-Lead Counsel of the stipulation. Failure to object within the term allowed may be deemed a waiver and the stipulation will be binding on that party.

Plaintiffs' MDL Co-Lead Counsel shall exercise the authority granted by the Court cooperatively with other members of the Plaintiffs' MDL Steering Committee.

### III. Tennessee State Court Liaison Counsel

The Court appoints Murray Wells, with the firm Wells and Associates, as the Tennessee State Court Liaison counsel. There are separate Tennessee State Court cases pending with respect to the same or similar claims against these defendants. At this stage of the litigation, and on the record currently before it, the Court agrees that efficiencies may be gained in coordinating discovery and certain pretrial proceedings in the Tennessee State Court cases and this MDL. Mr. Wells is tasked with keeping this Court and the Tennessee State Courts apprised of the various orders, schedules, and notices of each.

### IV. Plaintiffs' MDL Steering Committee

By prior letter and Order, the Court directed counsel to submit position statements as well as other information previously requested by the Court in a letter to the Court to be submitted by December 14, 2020. The Court directs that, on or before December 14, 2020, Plaintiffs' MDL Co-Lead Counsel also submit to the Court a written recommendation regarding a slate of lawyers to be considered as members of Plaintiffs' Steering Committee for this MDL. The Court also directs Plaintiffs' MDL Co-Lead Counsel to submit a description of qualifications necessary for and possessed by proposed members of Plaintiffs' MDL Steering Committee. Further, Plaintiffs' MDL Co-Lead Counsel should propose to the Court, at a minimum, the method of operation of, the structure of, and the work to be performed by this committee. The Court will appoint members to Plaintiffs' MDL Steering Committee by separate Order. If Plaintiffs' MDL Co-Lead Counsel require additional time to submit a slate of lawyers and this information, they may seek an

extension of this deadline and propose to the Court a reasonable date by which the Court will receive this information.

### V.     Proposed Fee And Compensation Structure

After the Court appoints the members of Plaintiffs' MDL Steering Committee, the Court will set a deadline for Plaintiffs' MDL Co-Lead Counsel to submit to the Court for consideration a more detailed proposal related to fees and compensation structure, which are referenced in the November 20, 2020, letter submission.

### VI.    Other Matters

The appointment to these positions is of a personal nature.  Accordingly, an appointee may not substitute others to perform the functions indicated.  This is not intended to prevent appointees from delegating tasks or making assignments of particular work.  The tasks, however, must remain under the appointee's supervision and responsibility, and the appointee may not transfer responsibility to a non-member of the Plaintiffs' MDL Steering Committee without prior Court approval for good cause shown.

The communication of information among and between counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney work product, and cooperative efforts contemplated above shall not in any way be used against any party by any other party.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

This Order applies to each member related case previously transferred to, removed to, or consolidated into this MDL.  In cases subsequently transferred to, removed to, or consolidated into this MDL, Plaintiffs' MDL Liaison Counsel is directed to serve a copy of the most recent pretrial order to plaintiff's counsel appearing in each new action upon removal, transfer, or consolidation.

It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court. The Orders may be accessed through the CM/ECF system or the Court's website at www.ared.uscourts.gov/multi-district-litigation-2949.

So ordered this 7th day of December, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Court Judge