**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| IN RE: PROFEMUR HIP IMPLANT | ) | MDL No. 2949 |
| PRODUCTS LIABILITY LITIGATION | ) | ALL CASES |

## ORDER

The Judicial Panel on Multidistrict Litigation ("JPML") transferred to this Court for centralized pretrial proceedings actions that concern alleged defects in the Wright Medical and Microport Profemur line of modular hip implants, which were offered in titanium and cobalt chromium alloys (the "MDL").

The Court convened an initial organizational meeting on December 21, 2020, to address defendants' leadership structure and certain administrative matters. Having considered all of the factors in the *Manual for Complex Litigation (Fourth)* and other accepted guidance with respect to the appointment of liaison and leadership counsel in cases of this kind, and hearing no objection during the telephone hearing on December 21, 2020, and receiving no objection since, the Court for good cause shown orders as follows:

**I.     Defendants' MDL Liaison Counsel**

The Court appoints Sean Burk at Duane Morris LLP as Defendants' MDL Liaison Counsel. Mr. Burke is tasked with the following:

1. To receive orders and notices from this Court and from the JPML on behalf of all defendants;

2. To the extent certain orders and notices are not available electronically to all parties, to prepare and transmit copies of such orders and notices to such parties

   electronically within three days after receipt, unless such service has been waived in writing by a receiving counsel or is otherwise achieved through CM/ECF;

3. To maintain and make available upon request to all counsel and the Court an up-to-date service list of defendants' counsel;

4. To serve a copy of the most recent pretrial order to defendants' counsel appearing in each new action upon removal, transfer, or consolidation into this MDL; it shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court;

5. To maintain complete files with copies of all documents served upon MDL Liaison Counsel and to make such files available to parties upon request;

6. To establish and maintain a document depository; and

7. To perform other responsibilities as may be deemed appropriate by Defendants' MDL Co-Lead Counsel, including but not limited to scheduling leadership meetings and keeping minutes thereof, preparing agendas for status conferences and/or reporting on the status of the case as requested by the Court, and performing other necessary administrative or logistic functions for the effective and efficient functioning of the MDL.

## II. Defendants' MDL Co-Lead Counsel

The Court appoints Dana Ash and Sean Burke at Duane Morris LLP as defendants' co-lead counsel in this MDL for the Wright Medical defendants and Erin Bosman and Julie Park at Morrison & Foerster LLP as co-lead counsel in this MDL for MicroPort. Mr. Ash, Mr. Burke, Ms. Bosman, and Ms. Park have experience litigating Profemur related claims. Defendants' co-lead counsel are tasked with the following:

1. To schedule meetings, provide agenda items, assign work, and follow-up on work assignments to make sure that work is conducted in a timely fashion;

2. To determine and present in pleadings, motions, briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of defendants on all matters arising during the pretrial proceedings in this MDL and in response to any inquiries by the Court, subject to the terms set forth in this Order with respect to the right of any defendant's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;

3. To direct and execute on behalf of defendants the filing of pleadings and other documents with the Court, subject to the terms set forth in this Order with respect to the right of any defendant's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;

4. To appear at hearings and conferences regarding the MDL as most appropriate for effective and efficient prestation, while avoiding unnecessary expense;

5. To initiate, coordinate, and conduct all types of discovery on behalf of defendants in this MDL consistent with the Federal Rules of Civil Procedure, including but not limited to the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

6. To make all work assignments on behalf of defendants in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

7. To negotiate and enter into stipulations and agreements with opposing counsel as necessary throughout the pretrial proceedings in this MDL, including discovery, mediation, and other pretrial matters, subject to the terms set forth in this Order with respect to the right of any defendant's counsel to seek relief from or a modification of this Order by the Court to present non-repetitive, individual, or different positions or to object to proposed stipulations;

8. To consult with and employ experts as necessary;

9. To conduct pretrial settlement negotiations on behalf of all defendants as necessary;

10. To prepare and distribute periodic status reports to the Court, as requested, and to the parties;

11. To develop and recommend for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitor and administer such procedures; and

12. To otherwise direct, coordinate, and supervise the pretrial preparation of defendants' defense to claims in this MDL and to perform such other duties as may be needed for proper coordination of defendants' pretrial activities and defense of the claims or as may be further directed by the Court.

13. Unless granted relief from or a modification of the terms of this Order by the Court, no papers shall be served or filed, no arguments raised with the Court, and no process, discovery, or other procedure shall be commenced by any defendant's counsel other than Defendants' MDL Co-Lead Counsel or their designee(s), with the exception of: (1) entries or withdrawals of appearance; (2) motions to remand to state court; and (3) briefs responding to defense motions filed in the individual

cases. This is intended to prevent duplication of pleadings, discovery, or tasks by defendants' counsel. Any attorney may file other motions for relief from or to modify this or any other Order of the Court, but counsel are cautioned that they should do so only if there is a matter of utmost importance that they have already unsuccessfully sought to have raised by Defendants' MDL Co-Lead Counsel.

14. All stipulations entered into by Defendants' MDL Co-Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten days after service by Defendants' MDL Liaison Counsel or Defendants' MDL Co-Lead Counsel of the stipulation. Failure to object within the term allowed may be deemed a waiver and the stipulation will be binding on that party.

### III. Tennessee State Court Liaison Counsel

The Court previously appointed Murray Wells, with the firm Wells and Associates, as the Tennessee State Court Liaison counsel on behalf of plaintiffs. The Court seeks input from Defendants' MDL Liaison Counsel on whether an individual with defendants should and is willing to serve in this position, as well, or whether the appointment of Mr. Wells suffices for both plaintiffs and defendants.

### IV. Other Matters

The appointment to these positions is of a personal nature. Accordingly, an appointee may not substitute others to perform the functions indicated. This is not intended to prevent appointees from delegating tasks or making assignments of particular work. The tasks, however, must remain

under the appointee's supervision and responsibility, and the appointee may not transfer responsibility without prior Court approval for good cause shown.

The communication of information among and between counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney work product, and cooperative efforts contemplated above shall not in any way be used against any party by any other party. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

This Order applies to each member related case previously transferred to, removed to, or consolidated into this MDL. In cases subsequently transferred to, removed to, or consolidated into this MDL, Defendants' MDL Liaison Counsel is directed to serve a copy of the most recent pretrial order to defendants' counsel appearing in each new action upon removal, transfer, or consolidation. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the Court. The Orders may be accessed through the CM/ECF system or the Court's website at www.ared.uscourts.gov/multi-district-litigation-2949.

## V. Status Conference

The Court will hold a telephone conference on January 25, 2021, at 10:30 a.m. Central Standard time in Courtroom 4D to follow-up on matters discussed during the initial organizational meeting on December 21, 2020. At that meeting, the Court asked counsel to continue to confer and seek consensus regarding identification of cases in the MDL, screening appropriate cases and procedural mechanisms for doing so, pending motions, a discovery plan, a protective order, and explant preservation. Further, the Court will address Plaintiffs' Co-Lead Counsel's Recommendation for Plaintiffs' Steering Committee. The parties are instructed to submit updated position statements on these issues as well as other information to the Court by January 21, 2021.

So ordered this 13thth day of January, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Court Judge