UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IN RE: PROFEMUR HIP IMPLANT         )         MDL No. 2949
PRODUCTS LIABILITY LITIGATION       )         ALL CASES

### ORDER

The Judicial Panel on Multidistrict Litigation transferred to this Court for centralized pretrial proceedings actions that concern alleged defects in the Wright Medical and Microport Profemur line of modular hip implants, which were offered in titanium and cobalt chromium alloys (the "MDL").

**I.     Plaintiffs' Steering Committee**

The Court convened an initial organizational meeting on December 21, 2020, and a status conference on January 25, 2021, to address certain administrative matters. In a letter dated December 29, 2020, Plaintiffs' Co-Lead Counsel submitted their recommendations for individual members to serve on the Plaintiffs' Steering Committee ("PSC") to assist with coordinated discovery and other pretrial matters. Having considered all of the factors in the *Manual for Complex Litigation (Fourth)* and other accepted guidance with respect to the appointment of counsel to the PSC in cases of this kind, and hearing no objection during the telephone hearing on January 25, 2021, and receiving no objection since, the Court for good cause shown appoints Calvin Warriner, III, Stuart Goldenberg, James Towe, Christopher Yuhl, Ashleigh Raso, and Michael J. Blakely to the PSC. The members of the PSC are tasked with from time to time consulting with Plaintiffs' Co-Lead and Liaison Counsel in coordinating the plaintiffs' discovery and other pretrial activities.

The appointment to the PSC is of a personal nature. Accordingly, an appointee may not substitute others to perform the functions indicated. This is not intended to prevent appointees from delegating tasks or making assignments of particular work. The tasks, however, must remain under the appointee's supervision and responsibility, and the appointee may not transfer responsibility without prior Court approval for good cause shown.

## II.     Corporate Disclosure Statement

During the January 25, 2021, status conference, Lead Counsel for the Wright Medical defendants requested that the Wright Medical defendants be allowed to file a corporate disclosure statement in the main case. The Court agrees that the corporate disclosure statement relates to the main case and shall be filed only in the main case number 4:20-MD-2949 KGB, as opposed to in each individual case. In the future, should an individual case involving a Wright Medical defendant be transferred back to the district court in which the case was originally filed for trial, the Wright Medical defendant must update its corporate disclosure statement with the trial court.

## III.    Status Conference

The Court will hold a telephone conference on February 19, 2021, at 1:00 p.m. Central Standard time in Courtroom 4D to follow-up on matters discussed during the status conference held on January 25, 2021. During the January 25, 2021, status conference, the Court asked counsel to continue to confer and seek consensus regarding identification of cases in the MDL, screening appropriate cases and procedural mechanisms for doing so, pending motions, a discovery plan, a protective order, and an explant preservation order, among other issues. The parties are instructed to submit a joint position statement on these issues, as well as any other issues the parties intend to raise during the status conference, to the Court by February 16, 2021. If the parties are unable

to reach consensus to prepare and submit a joint position statement, the parties may each submit a statement to the Court by February 16, 2021.

So ordered this 9th day of February, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Court Judge