UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE: PROFEMUR HIP IMPLANT | ) | MDL NO. 2949 |
| PRODUCTS LIABILITY LITIGATION | ) | ALL CASES |

PROTECTIVE ORDER

The Court enters this Order pursuant to Federal Rule of Civil Procedure 26 to protect personal medical information, personal identification information, specific and serious trade secret information, confidential research, development, or commercial information, and confidentiality interests of the Parties that are a part of this Multidistrict Litigation, as well as any third parties from whom information is sought as part of this Multidistrict Litigation.

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26, that:

I.  SCOPE OF PROTECTIVE ORDER

A.  Scope of Order.

This Order shall apply to discovery initiated by any of the parties to one or more other parties or to any third parties and shall apply to all information, documents, electronically stored information ("ESI"), and/or things in the possession of or under the control of any party or third party subject to discovery in this Multidistrict Litigation. This Order shall further govern the production of documents and information supplied in this Multidistrict Litigation in any form by a party and designated by that producing party as embodying "Confidential" or "Attorneys' Eyes Only" material for purposes of discovery or otherwise.

Further, it is anticipated that the Parties may seek to reach agreement on the reuse or re-production of certain materials that may have been produced in specified prior individual

matters or matters transferred to this Multidistrict Litigation. To the extent the Parties reach any such agreements on the reuse or re-production of any materials previously produced in any prior matter or individual case transferred to this Multidistrict Litigation, the terms of this Order shall govern the use of those materials as produced in this Multidistrict Litigation.

## II. PROCEDURES FOR PROTECTION OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

### A. "Confidential" and "Attorneys' Eyes Only" Information Defined.

"Confidential" material shall include any nonpublic material that any Party or third party reasonably and in good faith believes contains or reveals trade secrets; confidential research, development, or commercial information; personal healthcare information, personal identification information, and personal financial information, to include care and treatment, Social Security numbers and resident addresses and also pertains to, but not limited to inspections of premises or things; other proprietary or sensitive information or know-how that derives its value from secrecy; or such material the public disclosure of which would cause any Party, or third parties identified therein, undue annoyance or embarrassment. The scope of this Order shall include all copies, excerpts, summaries, or notes that are prepared or derived therefrom and that incorporate or reflect information contained in any Confidential material, as well as testimony and oral conversations derived therefrom or related thereto.

This litigation may also require a Party or third party to produce documents, testimony, or other material that is highly confidential. This may include materials containing particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a "Confidential" designation. In order to adequately protect such highly confidential material, by limiting access to the same, a producing party may designate such material as "Attorneys' Eyes Only."

The scope of this Order shall further allow either Plaintiffs or Defendants to this Multidistrict Litigation to designate materials produced by any third parties as "Confidential" or "Attorneys' Eyes Only," as defined by the terms of this Order, that the Designating Party reasonably and in good faith believes contains or reveals trade secrets; confidential research, development, or commercial information, including but not limited to inspections of premises or things; other proprietary or sensitive information or know-how that derives its value from secrecy; or such material the public disclosure of which would cause the Designating Party, or third parties identified therein, undue annoyance or embarrassment.

B.     **Designation of Confidential and Attorneys' Eyes Only Information.**

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, and each premise or thing or portion thereof which is deemed by any Party to disclose (1) confidential information (hereinafter "Confidential Information"), will be identified and labeled as "CONFIDENTIAL"; or (2) attorney's eyes only information (hereinafter "Attorneys' Eyes Only Information"), will be identified and labeled as "ATTORNEYS' EYES ONLY."

Such identification and marking shall be made at the time when the Producing Party provides responses, documents, inspections, or things that it considers to be Confidential and/or Attorneys' Eyes Only Information.  In the case of documents or materials produced by a third party, any Party wishing to designate any materials or documents as "Confidential" and/or "Attorneys' Eyes Only" under the terms of this Order shall give notice to all relevant parties of the designations within fourteen (14) days of receipt of the documents.  During the 14-day period, all third party documents shall be deemed to be confidential and/or attorneys' eyes only per the requested designations.  In the case of deposition transcript pages, the Designating Party shall advise opposing counsel of the specific pages to be maintained in confidence, if any, within

fourteen (14) days after the receipt of the transcript of the deposition, if such request for a confidential and/or attorneys' eyes only designation is not made at or during the deposition. Counsel must make a good faith attempt to designate only those materials which contain Confidential sensitive business or Confidential personal information as Confidential and/or Attorneys' Eyes Only Information.  During the 14-day period, the entire deposition transcript shall be deemed to be confidential and/or attorneys' eyes only per the requested designations.

Further, at the beginning of any physical inspection of any tangible item, premise, or thing or portion thereof, either party, through counsel, may declare the inspection itself, and any and all visual observations, measurements, drawings, depictions, photographic and/or videotaped images, audio-taped and/or transcribed audio-taped information, recordings of any kind, notes, and any documents received or generated related to the physical inspection as containing Confidential and/or Attorneys' Eyes Only Information.

    **C.**  **Disputes as to Confidential and/or Attorneys' Eyes Only Information.**

A party may object to the designation of particular Confidential and/or Attorneys' Eyes Only designation by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential and/or Attorneys' Eyes Only Information under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY and shall not

thereafter be treated as Confidential and/or Attorneys' Eyes Only Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential and/or Attorneys' Eyes Only Information.

### III. AUTHORIZED USE OF CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY INFORMATION

**A.     Use of Confidential and/or Attorneys' Eyes Only Information.**

Confidential and/or Attorneys' Eyes Only Information shall not be used or shown, disseminated, copied, or in any way communicated to any person for any purpose whatsoever, other than as required for the preparation and trial of an action in this Multidistrict Litigation, or as required for the preparation and trial of an action that was a part of this Multidistrict Litigation and remanded to another jurisdiction for continued proceedings and/or trial. Nothing in this Order prevents the sharing or production of information that is a part of this MDL in other litigation by court order or agreement by the party/parties that produced the material ("Producing Party/Parties"). Confidential and/or Attorneys' Eyes Only Information shall not be used for competitive purposes. No person shall under any circumstances sell, offer for sale, advertise, or in any way disclose Confidential and/or Attorneys' Eyes Only Information (e.g., no person shall permit the viewing, dissemination, copying, recording, duplicating, transmitting, or sharing of Confidential and/or Attorneys' Eyes Only Information). Counsel for Plaintiffs and Defendants shall take necessary and reasonably proper precautions to prevent the unauthorized or inadvertent disclosure or distribution of any Confidential and/or Attorneys' Eyes Only Information.

1. <u>Disclosure of Confidential Information</u>

Except with the prior written consent of counsel for the party designating the information or upon further order of this Court, disclosure of Confidential Information shall be limited to the following persons:

    a. attorneys of record for any of the parties and necessary employees of the attorneys of record or the law firm of the attorneys of record in this case;

    b. all outside experts and consultants, who are not employees, officers, directors, or representatives of any party, retained by the parties and whose assistance is necessary in the preparation and trial of an action in this Multidistrict Litigation, or as required for the preparation and trial of an action that was a part of this Multidistrict Litigation and remanded to another jurisdiction for continued proceedings and/or trial, and who have a need related to this litigation to review the Confidential Information, as well as the employees of the outside experts and consultants or the firm of such experts and consultants who have a need related to this litigation to review the Confidential Information;

    c. all named parties who have made an appearance in these lawsuits and their employees;

    d. the Court, Court Clerk and Court personnel working on the actions in this Multidistrict Litigation; and

    e. Court stenographer and outside copy service whose function requires them to have access to protected documents.

2. <u>Disclosure of Attorneys' Eyes Only Information</u>

Except with the prior written consent of counsel for the party designating the information or upon further order of this Court, disclosure of Attorneys' Eyes Only Information shall be limited to the following persons:

    a. attorneys of record for any of the parties and necessary employees of the attorneys of record or the law firm of the attorneys of record in cases subject to this Multidistrict Litigation;

    b. all outside experts and consultants, who are not employees, officers, directors, or representatives of any party, retained by the parties and whose assistance is necessary in the preparation and trial of an action in this Multidistrict Litigation, or as required for the preparation and trial of an

        action that was a part of this Multidistrict Litigation and remanded to another jurisdiction for continued proceedings and/or trial, and who have a need related to this litigation to review the Attorneys' Eyes Only Information, as well as the employees of the outside experts and consultants or the firm of such experts and consultants who have a need related to this litigation to review the Attorneys' Eyes Only Information;

    c.    the Court, Court Clerk and Court personnel working on the actions in this Multidistrict Litigation; and

    d.    Court stenographer and outside copy service whose function requires them to have access to protected documents.

Copies of Confidential and/or Attorneys' Eyes Only Information bearing a label specified in Paragraph II.B hereof shall not be disclosed to any person, other than those listed in Paragraphs III.A.1(a)-(e) and III.A.2(a)-(d), by the party to whom they are produced, unless they become a part of the public record.

    **B.**    **Prerequisites to Disclosure.**

No person listed in Paragraph III.A.1(b)-(c) and III.A.2(b) shall be allowed access to Confidential and/or Attorneys' Eyes Only Information unless each such person is (i) given a copy of this Order and thoroughly advised as to its terms by the respective party's attorney; and (ii) agrees in writing to strictly comply with the terms of this Order through completion of the form that is attached to this Order as Exhibit 1.

Before disclosing Confidential and/or Attorneys' Eyes Only Information to any person listed in Paragraphs III.A.1(a)-(c) and III.A.2(a)-(b) herein who is known or considered to be a competitor (or an employee or consultant of a competitor of the party that so designated the discovery material), the party wishing to make such disclosure shall give at least seven (7) business days' advance notice in writing to the counsel who designated such discovery material as Confidential and/or Attorneys' Eyes Only Information, stating that such disclosure will be made, identifying by subject matter category the discovery material to be disclosed, and stating the

purposes of such disclosure. If, within the seven (7) business day period, an application is made to the Court objecting to the proposed disclosure, disclosure is not permissible until the Court has ruled on such application. As used in this paragraph, the term "Competitor" means any medical device manufacturer, distributor, or seller other than Stryker Corporation, Wright Medical Technology, Wright Medical Group, Cremascoli Ortho, Wright –Cremascoli, MicroPort Orthopedics Inc., or Wright Medical Europe.

For each person in Paragraphs III.A.1(a)-(c) and III.A.2(a)-(b) to whom disclosure of Confidential and/or Attorneys' Eyes Only Information is made, each respective counsel shall retain a copy of the signed agreement pursuant to the requirements of the preceding paragraph.

### C. Depositions.

The confidentiality requirements of this Order extend to oral depositions and depositions on written questions. Any individual not authorized by this Protective Order to be a recipient of Confidential and/or Attorneys' Eyes Only Information may be excluded from a deposition while such information is being elicited.

### D. Filing Confidential and/or Attorneys' Eyes Only Information.

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential and/or Attorneys' Eyes Only Information in connection with a motion, brief, or other submission to the Court must first seek and obtain leave of Court. The parties shall comply with all applicable Local Civil Rules when filing motions to seal and when filing Confidential and/or Attorneys' Eyes Only Information under seal. Confidential and/or Attorneys' Eyes Only Information shall not be filed with the Court except when required in connection with matters pending before the Court.

In the case of Confidential and/or Attorneys' Eyes Only Information being filed electronically, the filing party shall be responsible to file the documents under seal pursuant to all applicable Local Civil Rules.

In the case of Confidential and/or Attorneys' Eyes Only Information being provided to the Court as courtesy copies, the filing party shall be responsible to file the documents pursuant to all applicable Local Civil Rules and in a sealed envelope, clearly marked:

> THIS DOCUMENT CONTAINS CONFIDENTIAL
> AND/OR ATTORNEYS' EYES ONLY INFORMATION
> COVERED BY A PROTECTIVE ORDER AND
> IS SUBMITTED UNDER SEAL PURSUANT TO THAT
> PROTECTIVE ORDER.  THE CONFIDENTIAL CONTENTS OF
> THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT
> EXPRESS ORDER OF THE COURT.

and shall remain sealed while in the office of the Clerk so long as they retain their Confidential and/or Attorneys' Eyes Only designation.  Said Confidential and/or Attorneys' Eyes Only Information shall be kept under seal until further order of the Court; however, Confidential and/or Attorneys' Eyes Only Information and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

  E. **Use of Confidential and/or Attorneys' Eyes Only Information during the course of litigation and at trial.**

Confidential and/or Attorneys' Eyes Only Information may be included in whole or in part in pleadings, motions, briefs, or otherwise filed with the Court as necessary so long as the filing party complies with the requirements of all applicable Local Civil Rules outlined in Paragraph III.D, above.

## IV. MISCELLANEOUS PROVISIONS

### A. Binding effect.

This Order shall be binding upon the parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, employees, agents, independent contractors, and other persons or organizations over which they have control.

### B. No waiver or admission.

Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense. The entry of this Protective Order shall not be construed as a waiver of any right to object to furnishing information in response to a discovery request or to object to a requested inspection of documents or things. Nothing contained in this Protective Order, and no action taken in compliance with it, shall: (a) operate as an admission by any party or person that any particular document or information is or is not confidential; (b) operate as a waiver of any claim or defense; or (c) prejudice in any way the right of any party or person to seek a Court determination of whether or not particular documents or information should be disclosed or, if disclosed, whether or not they should be deemed Confidential and/or Attorneys' Eyes Only Information and subject to this Protective Order.

### C. Inadvertent Disclosure by Producing Party; Privileges and Objections.

The inadvertent and/or unintentional disclosure by the Producing Party of Confidential and/or Attorneys' Eyes Only Information, either by way of document production or by deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or concerning the

10

same or unrelated subject matter. Any such inadvertently or unintentionally disclosed material by a Producing Party not designated as such at the time of its release shall be designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY per the definitions in this Order as soon as reasonably possible after the Producing Party becomes aware of the erroneous release and shall thereafter be treated as confidential hereunder. No liability shall attach for the Receiving Party's disclosure of inadvertently or unintentionally disclosed Confidential and/or Attorneys' Eyes Only Information from the time of receipt of that material until such time as the Producing Party properly designates it as confidential.

Nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information. It is understood and agreed that nothing herein constitutes a waiver of the right of any party to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence. This Order shall not be construed as a waiver by any party of any legally cognizable privilege or protection to withhold any document or information, or of any right that any party may have to assert such privilege or protection at any stage of the proceeding.

When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege, work-product immunity, or other protection from discovery is discovered by the Producing Party and brought to the attention of the Receiving Party, such inadvertent or mistaken disclosure of such information, document, or thing shall not constitute a waiver by the Producing Party of any claims of privilege, work-product immunity, or other protection from discovery in this proceeding or in any other state or federal proceeding. In addition, any disclosure

in this proceeding that waives the attorney-client privilege or work-product doctrine does not constitute a waiver in any other state or federal proceeding.

If a Producing Party has a good faith belief that privileged or otherwise protected information, document, or thing or Confidential and/or Attorneys' Eyes Only Information has been inadvertently produced, it shall promptly notify the Receiving Parties of the claim of privilege, protection, or confidentiality.  Upon receipt of any notice claiming privilege, protection, or confidentiality with respect to a produced data, all other parties (regardless of whether they agree with the Producing Party's claim of privilege, protection, or confidentiality) shall promptly: (1) use reasonable efforts to destroy or sequester all copies of the inadvertently produced data or material in such party's possession, custody, or control, and notify the Producing Party that they have done so; and (2) notify the Producing Party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently produced data or material from other persons, if any, to whom such documents or material have been provided.  However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate.  The Producing Party shall appropriately provide a privilege log sufficiently identifying documents or information withheld as privileged providing enough detail to allow for a determination of whether such material or data is properly protected by privilege.  Communications involving trial counsel that post-date the filing of the complaints in this Multidistrict Litigation need not be placed on a privilege log, as long as the communication was not shared with anyone other than counsel and client or counsel and work product consultants or work product consultants acting pursuant to their engagement by trial counsel and clients.  Communications may be identified on a privilege log by category, rather than individually, if appropriate.

### D. Termination of Litigation.

This Order, insofar as it restricts the communication and use of Confidential and Attorneys' Eyes Only Information, shall survive and continue to be binding after the conclusion of this Multidistrict Litigation, and the Court shall retain jurisdiction over these parties and these matters for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

At the conclusion of this Multidistrict Litigation and the resolution of all cases subject to this Multidistrict Litigation, including any appeals, all documents, records, tangible materials, or other information designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY and (except as provided herein with respect to documents reflecting privileged communication or attorney work product) and all copies of any of the foregoing upon request shall be promptly returned by counsel for the Receiving Party to counsel for the Producing Party. In the alternative, to the extent that documents reflecting privileged communications or attorney work product contain information designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY, the Receiving Party may, in lieu of returning such documents to the Producing Party, certify in writing to the Producing Party, within 30 days of a request by producing party, that such documents have been destroyed.

However, all documents, records, tangible materials, or other information designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall remain available and in the possession of any Receiving Party whose action was a part of this Multidistrict Litigation and was remanded to another jurisdiction for continued proceedings and/or trial, until the conclusion of that litigation, including any appeal.

Additionally, as applicable, Producing and/or Receiving Party may be bound by evidentiary, procedural, regulatory, and ethical rules to maintain discovery material after the close

of this MDL.  To the extent Receiving Party asserts such an obligation, the Parties will meet and confer to determine if an agreement can be reached as to the retention of the produced material.  If no such agreement is reached, Receiving Party may seek relief from the Court.

  **E.**  **Relief from Order.**

Any person may request the Court to grant relief from any provisions of this Protective Order.

  **F.**  **Exclusions.**

Nothing herein shall impose any restrictions on the use or disclosure by any party or any witness of documents or information obtained lawfully by any party or any witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained from Plaintiffs or Defendants, as the case might be, in these actions.  Nothing in this Protective Order shall prevent a party or non-party from using or disclosing its own documents or information for any purpose, regardless of whether they are designated Confidential and/or Attorneys' Eyes Only under this Protective Order.  Nothing in this Protective Order shall prevent a party from disclosing information to any person who authored, or who otherwise lawfully received or possessed such information, including, without limitation, for purposes of obtaining additional discovery from that person.

The Court retains the final and complete authority to redesignate any confidential document as a public document.

  **G.**  **Existing Protective Orders in Individual Cases.**

Nothing in this Order is meant to affect the existence or terms of any protective orders in place in any underlying action transferred to this Multidistrict Litigation.  Rather, the existing protective orders in underlying cases remain in full force and effect and continue to be binding on the respective parties to those individual matters as to the documents produced therein.

To the extent the Parties reach any agreements on the reuse or re-production of any materials previously produced in any prior matter or individual case transferred to this Multidistrict Litigation, the terms of this Order shall govern the use of those materials as produced in this Multidistrict Litigation.

To the extent the Parties or any Party understands the terms of this Order to conflict with an existing protective order in an underlying action transferred to this Multidistrict Litigation, the Parties or any Party shall identify in a written notice to be filed with the Court the conflict. Information shall be treated as Confidential and/or Attorneys' Eyes Only Information under the terms of this Protective Order until the Court, if necessary, resolves the conflict.

ORDERED this the 11th day of March, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Court Judge

**Exhibit 1**

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____ being duly sworn, state that:

1. My address is _____

2. My present employer is _____

and the address of my present employment is _____

3. My present occupation or job description is _____

_____

4. I have received a copy of the Protective Order in the _____ case.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY INFORMATION or any words, summaries, abstracts, or indices of CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY INFORMATION disclosed to me.

8. I will return all CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY INFORMATION and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

_____