**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| IN RE:  PROFEMUR HIP IMPLANT | ) | **MDL No. 2949** |
| PRODUCTS LIABILITY LITIGATION | ) | **ALL CASES** |

## ORDER

The Judicial Panel on Multidistrict Litigation has transferred to this Court for centralized pretrial proceedings actions that concern alleged defects in the Wright Medical and MicroPort Profemur line of modular hip implants, which were offered in titanium and cobalt chromium alloys (the "MDL").  MDL co-lead counsel for plaintiffs, counsel for defendant MicroPort Orthopedics Inc. ("MicroPort"), and counsel for defendant Wright Medical Group, Inc. ("Wright Medical"), submitted to the Court for consideration the parties' proposed plan for discovery, discovery schedule, and corporate disclosure statement for MicroPort with Exhibits A-D.  The Court conducted a status conference with all counsel on May 19, 2021, and discussed the proposed discovery plan, discovery schedules, fact sheets, and corporate disclosure statement with the parties.

For good cause shown, the Court orders as follows:

(1)     The Court adopts plaintiffs' and Wright Medical defendants' proposed plan for discovery and discovery schedule attached hereto as Court's Exhibit A.

(2)     The Court adopts plaintiffs' and MicroPort's proposed discovery plan as to MicroPort attached hereto as Court's Exhibit B.

(3)     The Court adopts "Plaintiff Fact Sheet" attached hereto as Court's Exhibit C.

(4)     The Court adopts "Defendant Fact Sheet" attached hereto as Court's Exhibit D.

(5)     The Court agrees to permit defendant MicroPort to file its corporate disclosure statement in MDL Master Docket Number 4:20-md-2949 KGB, rather than in each

individual case filed directly in or transferred to the MDL.  In the future, should an individual case involving MicroPort be transferred back to the district court in which the case was originally filed for trial, MicroPort must update its corporate disclosure statement with the trial court.

The Court will confer with counsel in this matter to schedule, and will set by separate order, the next status conference.

So ordered this 24th day of May, 2021.

Kristine G. Baker
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE:  PROFEMUR HIP IMPLANT     ) | **MDL No. 2949** |
| PRODUCTS LIABILITY LITIGATION  ) | **ALL CASES** |

### PLAINTIFFS AND WRIGHT DEFENDANTS' PROPOSED PLAN FOR DISCOVERY AND DISCOVERY SCHEDULE

In accordance with the Court's April 6, 2021 Order, MDL Co-Lead Counsel for

Plaintiffs' and Wright Defendants (together, "the Parties") have continued to meet and confer on

a plan for discovery in MDL 2949 (the "MDL").[1] The Parties are concurrently providing an

update on the status of the proposed reuse of certain prior discovery in the MDL, as well as a

proposed schedule for next steps in planning the conduct of discovery in MDL 2949 as follows:

I.       **PLAN FOR DISCOVERY**

   A.       **Plan for Reuse of Prior Discovery**

In order to avoid duplicative discovery as to the Wright Medical Defendants, the Parties

have exchanged detailed proposals for reuse of specific prior documents and document

productions.  To facilitate this discussion, the Parties have agreed that Plaintiffs may serve initial

general discovery requests on Wright Defendants, with the intention that an agreement on a reuse

framework would satisfy the general discovery requests.

The Parties have agreed that any documents produced in prior litigation that are by

agreement re-used in this MDL will be re-stamped and produced with MDL Bates stamps for

tracking purposes, and will be subject to the agreed Protective Order in this MDL, Dkt. #

54.  Production and reuse of any documents produced in prior litigation identified by the Parties

---

[1] It is anticipated that Plaintiffs and counsel for defendant MicroPort Orthopedics Inc.
("MicroPort") will be submitting a separate plan for discovery and proposed schedule, due to
distinctions in the posture of discovery as to MicroPort.

Court's Exhibit

A

will be for the purposes of efficiency and reducing costs, in exchange for an anticipated

agreement, to be documented, that Plaintiffs will not conduct additional general written

discovery except as contemplated by Section B below.

Production of prior materials for use in this MDL is not a waiver of the right to challenge

or object to the relevance or admissibility of any such documents in any individual case.

In addition to the above-referenced documents agreed to be reused, the Parties are

currently identifying the universe of prior depositions and meeting and conferring on identifying

those agreed to be reused in this MDL.

### B.    Plan for Conducting New Discovery of Wright Defendants

Once the agreed upon documents and deposition transcripts are re-produced within the

MDL, Plaintiffs will evaluate whether limited additional written discovery and/or ESI is needed

from the Wright Defendants as to the time period of January 1, 2013 through present.  Wright

Defendants disagree that any subsequent discovery after January 1, 2013 will be needed, as they

believe materials included in an agreed production for reuse will satisfy the need for discovery

from January 1, 2013 through December 31, 2013, the Parties will continue to meet and confer

on that issue prior to new discovery being served and will raise any issues with the Court on (1)

the scope of any new discovery and (2) the time period sought, if necessary.

To the extent Plaintiffs proceed with (1) serving new discovery as to the post January 1,

2013 time period, (2) additional general discovery restricted to the January 1, 2013 to present

period, and (3) notices for Fed. R. Civ. P. 30(b)(6) depositions, such new discovery shall be

conducted as follows:

    a.      Written discovery will be designated and broken down into categories based on claim type as follows[2]: (1) discovery regarding the fracture of a titanium PROFEMUR® modular neck device (product code PHA0); (2) discovery regarding the fracture of a cobalt chromium PROFEMUR® modular neck device (product code PHAC); and (3) discovery regarding an adverse tissue reaction allegedly caused by corrosion of a cobalt chromium PROFEMUR® modular neck device (product code PHAC)

    b.      Any Fed. R. Civ. P. 30(b)(6) deposition notices shall also be proposed individually to Wright Medical (i.e., and separately to MicroPort), and shall also be broken down into categories based on claim type as follows: (1) testimony regarding the titanium PROFEMUR® modular neck device (product code PHA0); and (2) testimony regarding the cobalt chromium PROFEMUR® modular neck device (product code PHAC).

## II.    PROPOSED DISCOVERY SCHEDULE

The discovery described above, as well as any new discovery conducted in this MDL as to Wright Defendants, is proposed to take place according to the following schedule:

1. **Deadline to Serve Responses to Plaintiff Fact Sheet ("PFS"):** The later of 90 days from the Court's Entry of the PFS, or 90 days from the date the case was filed in or transferred into the MDL

2. **Deadline to Serve Responses to Defendant Fact Sheet ("DFS"):** 60 days from Wright Defendants' receipt of the PFS

3. **June 15, 2021**: Plaintiffs to serve First Requests for the Production of Documents and Things on Wright Medical Technology, Inc. (exclusive of the 2013 time period), with the

---

[2] These categories are consistent with the Scope of the MDL as defined in CMO 1 ¶ 2, Dkt. #56.

understanding that agreement on prior documents and document productions for re-use in

this MDL will eliminate the need for responding to these demands

4. **July 16, 2021**:  Deadline for parties to reach agreement on the production and use of

prior deposition transcripts

5. **July  29, 2021:** Wright Medical Technology, Inc.'s Deadline to respond to the First

Requests for Production, if necessary

6. **August 13, 2021**:  Deadline for Plaintiffs to serve a 30(b)(6) deposition notice for any

additional 30(b)(6) depositions

7. **August 18, 2021:** Parties to meet and confer on need for additional discovery and/or ESI

as to Wright Defendants for post-January 1, 2013 time period

8.  **September 13, 2021:**  Parties to submit joint or separate proposals and schedules for

completing any remaining discovery


Respectfully Submitted, this 18th day of May, 2021:


N. Kirkland Pope, Esq.
**Pope McGlamry, P.C.**
3391 Peachtree Road, NE, Suite 300
Atlanta, GA 30326
Telephone: 404.523.7706
Facsimile: 404.524-1648
kirkpope@pmkm.com
efile@pmkm.com

George E. McLaughlin, Esq.
**McLaughlin Law Firm. P.C.**
1890 Gaylord Street
Denver, CO 80206-1211
Telephone: 720.420.9800
Facsimile: 303.322.3423
gem@mcllf.com

*Attorneys for Plaintiffs*

Sean K. Burke, Esq.
Dana J. Ash, Esq.
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1197
Facsimile: 215.689.0844
SBurke@duanemorris.com
DJAsh@duanemorris.com

*Attorneys for Defendants Wright*
*Medical Technology, Inc. and Wright*
*Wright Medical Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

IN RE:  PROFEMUR HIP IMPLANT        )          **MDL No. 2949**
PRODUCTS LIABILITY LITIGATION   )          **ALL CASES**

## PLAINTIFFS' AND DEFENDANT MICROPORT ORTHOPEDIC INC.'S PROPOSED DISCOVERY PLAN AS TO MICROPORT

In accordance with the Court's April 6, 2021 Order, Plaintiffs and Defendant MicroPort

Orthopedics Inc. submit the following as their proposed discovery plan governing the conduct of

the discovery in MDL 2949 as it relates to MicroPort.  This proposed discovery plan is not

intended to restrict the rights of the parties to conduct individual and third-party discovery.

Rather, it is intended to provide an orderly and efficient schedule for the completion of

coordinated discovery between Plaintiffs and MicroPort.

| Event | Proposed Deadline |
|---|---|
| Deadline to serve responses to Plaintiff Fact Sheet (PFS) | The later of 90 days after Court enters order approving PFS, or 90 days from the date the case was filed in or transferred into the MDL |
| Deadline to serve responses to Defendant Fact Sheet (DFS) | 60 days from receipt of PFS |
| Plaintiffs to serve First Interrogatories and First Requests for the Production of Documents and Things on Defendant MicroPort | June 9, 2021 |
| Plaintiffs to submit proposed electronically stored information (ESI) search terms to MicroPort | July 14, 2021 |
| Parties to meet and confer about proposed ESI search terms and protocol to govern production of documents and ESI | July 28, 2021 |
| MicroPort to respond or otherwise object to Plaintiffs' First Interrogatories and First Requests for the Production of Documents and Things | August 6, 2021 |


Court's Exhibit B

| Event | Proposed Deadline |
|---|---|
| Parties to agree on ESI search terms or otherwise submit to the Court their relative positions regarding ESI search terms and Joint (or, if unable to agree, separate) Proposed Order Establishing Protocol Governing Production of Documents and ESI | August 13, 2021 |
| MicroPort to serve Plaintiffs with a list of ESI custodians | September 3, 2021, or, if the parties do not agree on search terms, three weeks after the Court rules on ESI search terms |
| MicroPort to produce initial ESI production (to continue on rolling basis) | November 3, 2021, or if the parties do not agree on search terms, ten weeks after the Court rules on ESI search terms |
| Parties to meet and confer about depositions to be taken (including 30(b)(6)s) and a schedule for those depositions | November 17, 2021 |

Respectfully Submitted, this 18th day of May, 2021:

N. Kirkland Pope, Esq.
**Pope McGlamry, P.C.**
3391 Peachtree Road, NE, Suite 300
Atlanta, GA 30326
Telephone: 404.523.7706
Facsimile: 404.524-1648
kirkpope@pmkm.com
efile@pmkm.com

George E. McLaughlin, Esq.
**McLaughlin Law Firm. P.C.**
1890 Gaylord Street
Denver, CO 80206-1211
Telephone: 720.420.9800
Facsimile: 303.322.3423
gem@mcllf.com

Erin M. Bosman
Bar Number (CA #204987)
Julie Y. Park
Bar Number (CA # 259929)
**MORRISON & FOERSTER LLP**
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
Tel: (858) 720-5100
Fax: (858) 720-5125
EBosman@mofo.com
JuliePark@mofo.com

*Attorneys for Defendant*
*MicroPort Orthopedics Inc.*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

IN RE:  PROFEMUR HIP IMPLANT          )          **4:20-md-2949 KGB**
PRODUCTS LIABILITY LITIGATION        )          **ALL CASES**

**PLAINTIFF FACT SHEET**

Please provide the following information for each individual on whose behalf a claim is being made.  If you are completing this Plaintiff Fact Sheet in a representative capacity, please respond to the remaining questions with respect to the person who had the PROFEMUR® cobalt chromium and/or titanium modular neck (the "Device") implanted.  Whether you are completing this Plaintiff Fact Sheet for yourself or for someone else, please assume that after Section I, "You" means the person who had the Device implanted.  In filling out this form, "Healthcare Provider" means any hospital, clinic, center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical care or advice, and any pharmacy, x-ray department, radiology department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, or other persons or entities involved in the diagnosis, care, and/or treatment of you.

In filling out any section or sub-section of this form, please submit additional sheets as necessary to provide complete information.  In addition, if you learn that any of your responses are incomplete or incorrect at any time, you must supplement your responses to provide that information as soon as you become aware of this information.  This form requests information and documents about your medical condition for a specified period of time.  However, defendants reserve the right to request additional information and information for a time period dating further back on a case-by-case basis.

In completing this Plaintiff Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge, information, and belief.  The responses you provide in response to this Plaintiff Fact Sheet constitute discovery responses subject to the Federal Rules of Civil Procedure.  If the response to any question is that the person completing this Plaintiff Fact Sheet does not know or does not recall the information requested, that response should be entered in the appropriate location(s).  You may and should consult with your attorney if you have any questions regarding the completion of this form.



Court's Exhibit
C

I. **CASE INFORMATION**

1. Name of person completing this form: _____

2. Name of person on whose behalf a claim is being made: _____

3. Please state the following for the civil action filed:

    a.    Case caption:_____

    b.    Docket Number:_____

    c.    Court in which action was originally filed (or would have been filed absent direct filing into this MDL if applicable):_____

    d.    Name, address, telephone number, and e-mail address of principal plaintiff attorney for claim:

          Name:_____

          Firm:_____

          Address:_____

          Telephone Number: _____

          Email Address:_____

4. If you are completing this Plaintiff Fact Sheet in a representative capacity (e.g., on behalf of the estate of a deceased person), please complete the following:

    a.    Current address of representative: _____

    b.    In what capacity are you representing the individual or estate? _____

    c.    Is a wrongful death claim being asserted? _____

    d.    If you were appointed as a representative by a court, state the:

          Court which appointed you: _____

          Date of appointment: _____

    e.    What is your relationship to the individual or estate you are serving as the representative for? _____

          _____

    f.    If you represent a decedent's estate, state:

          Date of decedent's death: _____

**THE REST OF THIS PLAINTIFF FACT SHEET REQUESTS INFORMATION ABOUT THE PERSON WHO WAS IMPLANTED WITH THE DEVICE, HEREAFTER REFERRED TO AS "YOU".**

## II.   CORE INFORMATION

1.    Type of PROFEMUR® Modular Neck Prosthesis (cobalt chromium ("CoCr") or titanium ("Ti")): _____

Side of body (circle one):                    Right      Left      Both

Complete the questions in this section for each implant surgery involving a PROFEMUR® cobalt chromium or PROFEMUR® titanium modular neck device (hereafter, "Device" or "the Device").

2.    Theory of defect alleged as to Device (circle one):

           (1) PROFEMUR® Titanium Modular Neck Fracture

           (2) PROFEMUR® Cobalt Chromium Modular Neck Fracture or

           (3) PROFEMUR® Cobalt Chromium Modular Neck Tissue Reaction

3.    If product bar code stickers were not available and were not provided with the Initial Census Form, provide the Reference No. and Lot No. for each Device:

      _____

      _____

4.    Date of Device implantation: _____

5:    Name and address of implanting surgeon(s): _____

      _____

      _____

6.    Name and address of hospital or clinic where surgery(ies) performed: _____

      _____

7.    Date of revision surgery removing the Device: _____

      _____

8.    Was the stem component removed during revision surgery?   Yes _____   No _____

3

9.      Name and address of surgeon(s) who removed the Device: _____

_____

10.     Name and address of hospital or clinic where surgery performed: _____

_____

11.     Name of the manufacturer and product names, product code/lot number of the replacement component(s), if any: _____

_____

_____

12.     a.      Did you pay for your revision surgery and all related care?

                Yes _____     No _____    In Part _____

        b.      If No or In Part, state who or who else paid for the revision surgery: _____

                _____

                Provide the approximate amount paid by each person and entity and identify each person and insurance carrier.  For insurance carriers, provide the name, address, and policy number.

                _____

                _____

                _____

13.     Was the Device retained after removal?  Yes_____ No _____

        a.      If Yes, what is the present location of the Device?

                _____

14.     Have you received any other treatment or testing related to your Device?

        Yes_____ No _____

4

If Yes, provide the following details about that treatment or testing:

| Date | Facility Name | Address and Telephone Number | Type of Test or Treatment | Reason for Test or Treatment | Results |
|------|---------------|------------------------------|---------------------------|------------------------------|---------|
|      |               |                              |                           |                              |         |
|      |               |                              |                           |                              |         |
|      |               |                              |                           |                              |         |

### III.   PERSONAL INFORMATION

1.   Name (first, middle, last): _____

2.   Maiden or other names used and dates you used those names:

   _____

3.   Current address and date when you began living at this address:

   _____

4.   Social Security Number: _____

5.   Date of birth: _____

6.   Current marital status: _____

7.   If married, please provide the following information:

   Date of marriage: _____

   Name of Spouse: _____

   Date of birth of spouse: _____

8.   If married, has your spouse filed a loss of consortium or other claim in this action?

   Yes _____   No _____

9.   Are you currently employed?   Yes_____   No _____

   If yes, provide your position and your current employer's name, address, and telephone number: _____

   _____

   If not, did you leave your last job for a medical reason?  Yes _____        No _____

   If Yes, describe why you left and identify the date that your left your last job:

   _____

   _____

6

10.   For the period of time from five years before you had the Device implanted until the present, identify all of your employers, your employment dates, your position there, and your reason for leaving:

| Name of Employer | Address and Telephone Number | Dates of Employment | Describe Your Position or Duties and Specify if Job Required Manual Labor | Reason for Leaving |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

11.   For the period from five years before the Device was implanted until the present, indicate if you have regularly exercised:

Yes_____     No _____

If Yes, please state:

| Type of Exercise | Dates/Years Exercised | Approximate # of hours you exercised per week | Period of times during which you performed this exercise (month/year) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

7

12.     If you have Medicare, provide your HICN number: _____

13.     For the period from five years before the Device was implanted to the present, have you been on or applied for workers' compensation, social security, and/or state or federal disability benefits? Yes _____ No _____

If Yes, then as to each application, separately state the following and attach any documents you have which relate to the application and/or award of benefits:

    a.     Date (or year) of application: _____

    b.     Type of benefits: _____

    c.     Nature of claimed injury/disability: _____

    d.     Period of disability: _____

    e.     Amount awarded: _____

    f.     Basis of your claim: _____

    g.     Was claim denied? Yes _____ No _____

    h.     To what agency or company did you submit your application? _____

    i.     Claim/docket number, if applicable:_____

14.     Have you ever been involved in an accident or event, in which or as a result of which you experienced any personal injuries to your legs, hips, or pelvic area? Yes _____ No _____

If Yes, please provide the following information and attach copies of any accident reports:

| Place and Date of Accident | Circumstances, Nature, Location, and Extent of Injury | Nature of Activity at Time of Injury | Names and Addresses of Treating Physician(s) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

15.    a.     Other than this claim, have you ever filed a lawsuit or made a claim against a healthcare provider or medical device or pharmaceutical company? Yes___
No _____

      b.     Other than this claim, have you ever filed a lawsuit or made a claim against anyone related to any injury to your hip, pelvis, or legs? Yes_____    No ___

If Yes to either (a) or (b) above, provide the following information and attach copies of all pleadings, releases or settlement agreements, and deposition transcripts you have:

| Party You Sued/Made Claim Against | Court in Which Suit Filed/Claim Made | Case/Claim Number | Attorney Who Represented You | Nature of Claim and Injury |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

16.     In the past ten years, have you ever been convicted of, or pled guilty to, a felony and/or a crime of fraud or dishonesty? Yes _____    No _____

If Yes, state the charge to which you plead guilty or of which you were convicted, the court where the action was pending, and the case number: _____

_____

17.     Have you or your spouse (if he/she is pursuing a loss of consortium claim) received any money from a third party in exchange for an assignment of any portion of your claim or recovery in this lawsuit, so that the payer or assignee has decision making authority over the terms of any settlement or other resolution of your claim or has lien rights (excluding liens by healthcare providers) against any funds generated by the resolution of your claim?

Yes _____    No _____

If Yes, provide the name and address of the third party with whom you have entered into such a contract. _____

## IV.  **HEALTHCARE PROVIDERS**

**FOR ALL QUESTIONS IN THIS SECTION, MEN DO NOT HAVE TO PROVIDE DETAILS AS TO PROSTATE CONDITIONS AND WOMEN DO NOT HAVE TO PROVIDE INFORMATION AS TO BIRTH CONTROL OR REPRODUCTIVE ISSUES (UNLESS THERE IS A CLAIM RELATED TO CHILDBEARING, IN WHICH CASE A FULL OBSTETRICAL AND GYNECOLOGIC HISTORY NEEDS TO BE PROVIDED).**

1.     Identify each doctor (including but not limited to family/primary care physicians, orthopedic surgeons, physical therapists, chiropractors, practitioners of the healing arts) and Healthcare Provider whom you have seen for medical care and treatment for any orthopedic condition or complaint about your hips, legs, or pelvis for the period <u>five</u> years before your first hip surgery to the present.

| Name and Specialty | Address and Telephone Number | Approx. Dates/Years of Visits | Reason |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

2.      Identify each doctor and Healthcare Provider whom you have seen for any other reason not identified in No. 1 above, for the period of <u>two</u> years before your first hip surgery to present.

| Name | Address | Admission Date(s) | Reason | Type of Surgery (if applicable) | Name of Surgeon (if applicable) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

3.      Identify each facility at which radiographs (x-rays, ultrasounds, MRIs, CT scans) were taken of your hips, pelvis, or legs in the last ten years.

| Name | Address and Telephone Number | Approx. Date Taken | Reason |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4. Identify each laboratory at which your blood was tested for blood levels of any metals including cobalt and chromium in the last ten years.

| Name | Address and Telephone Number | Approx. Date Taken | Reason | Results (if known by you) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

5. Identify each pharmacy, drugstore, or any other facility or supplier (including but not limited to mail order pharmacies) where you received any prescription medication for the period <u>five</u> years before your revision hip surgery to the present.  Please specifically note which, if any, supplied medicine was for any orthopedic condition or complaint about your hips, legs, or pelvis.

| Name of Pharmacy/Supplier | Address and Telephone Number of | Approx. Dates/Years You Used | For Pelvis, Leg, or Hip-Related issue |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## V.     MEDICAL BACKGROUND

1. Current height: _____

2.     Please state your weight at the following times:

           a.  Current: _____

           b.  Time of Device implant: _____

           c.  Time of revision surgery: _____

3.     Smoking History

      a.     Have you ever smoked cigarettes?    Yes _____    No _____

      State amount smoked: _____ packs per day for _____ years, during the years

      _____ to _____.

11

4.　　　Alcohol Use

    a.　　For the period of time five years before the Device was implanted to the present, did you consume alcoholic beverages on a weekly basis?  If yes, please provide the approximate average number of beverages consumed weekly.

    _____

5.　　　Allergies and Allergic Reactions

    a.　　Have you ever experienced an allergic reaction to any food, medication, jewelry, or metal?

    Yes _____　　No _____

    If Yes, provide the following information:

| Food, Medication, Jewelry, or Metal | When Allergy Diagnosed | Symptoms of Allergy | Health Care Provider Who Diagnosed Allergy | Treatment Received, if any |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

6.　　　Other Conditions

    a.　　To the best of your knowledge, have you ever experienced or been diagnosed with any of the following conditions from the time beginning five years before your first hip surgery to the present?  Select Yes or No for each condition.  For each condition for which you answer Yes, please provide the additional information requested in the table following this chart:

| Condition Experienced or Diagnosed | Yes | No | Don't Know |
|---|---|---|---|
| 1.  Arthritis (e.g., osteoarthritis, traumatic arthritis, rheumatoid arthritis, degenerative arthritis) |  |  |  |
| 2.  Neuromuscular compromise or vascular deficiency |  |  |  |
| 3.  Poor bone quality (e.g., osteoporosis) |  |  |  |
| 4.  Charcot's or Paget's disease |  |  |  |
| 5.  Cancer (including blood cancers such as leukemia) |  |  |  |
| 6.  Allergy, such as hay fever, asthma, eczema, hives, sensitivity to drugs or other substances, including allergic reactions to metal |  |  |  |
| 7.  Obesity |  |  |  |
| 8.  Alcohol or drug addiction |  |  |  |

| Condition Experienced or Diagnosed | Yes | No | Don't Know |
|---|---|---|---|
| 9.  Any pathological condition of the acetabulum (e.g., arthrokatadysis) | | | |
| 10. Diabetes | | | |
| 11.  Infections lasting longer than one week or occurring more frequently than monthly | | | |
| 12.  Tumors or Pseudo-tumors | | | |
| 13.  Periarticular calcification or ossification | | | |
| 14.  Disabilities of joints (knees and ankles) | | | |
| 15.  Osteolysis | | | |
| 16.  Congenital dysplasia of the hip or subluxation or dislocation of the hip joint | | | |
| 17.  Peripheral neuropathies or nerve damage | | | |
| 18.  Acetabular perforation | | | |
| 19.  Femoral shaft perforation, fissure, or fracture | | | |
| 20.  Trochanteric fracture | | | |
| 21.  ALVAL | | | |

b.      For each condition for which you answered Yes in the previous chart, provide the information requested below:

| Condition You Experienced | Approximate Date of Onset | Name, Address, and Telephone Number of Treating Physician (if any) | Treatment Received |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## VI.    <u>MEDICATIONS</u>

**FOR ALL QUESTIONS IN THIS SECTION, MEN DO NOT HAVE TO PROVIDE DETAILS AS TO PROSTATE CONDITIONS AND WOMEN DO NOT HAVE TO PROVIDE INFORMATION AS TO BIRTH CONTROL OR REPRODUCTIVE ISSUES (UNLESS THERE IS A CLAIM RELATED TO CHILDBEARING, IN WHICH CASE A FULL OBSTETRICAL AND GYNECOLOGIC HISTORY NEEDS TO BE PROVIDED).**

1.      List all of the medications (prescription and over the counter) you currently take, specifically indicating which, if any, were for treatment of any orthopedic condition or complaint about your hips, legs, or pelvis.

| Medication | Dose/ Frequency/Dates of Use | Physician Ordering | Pharmacy Dispensing | Purpose |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

2.   To the best of your recollection, are there any prescription medications other than those identified above that you have taken on a regular basis for any duration of more than two months for the period <u>five</u> years before your revision hip surgery to the present?

Yes _____    No _____

a.   If Yes, identify the medication(s), the prescribing doctor(s), the approximate dates/years you have taken this medication, and why it was given to you, specifically indicating which, if any, were for treatment of any orthopedic condition or complaint about your hips, legs, or pelvis:

| Medication | Dose/ Frequency/Dates of Use | Physician Ordering | Pharmacy Dispensing | Purpose |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## VII.   <u>DEVICE IMPLANT/REMOVAL</u>

1.      Describe the condition for which the Device was implanted:

_____

_____

_____

a.      Is this condition the result of an on-the-job injury? Yes____No ___

If Yes, please state:
Place of employment at the time:_____

Address:_____

Telephone number: _____

Job description/duties at the time: _____

Nature of accident: _____


2.      Before the implantation of the Device, did you receive non-surgical treatment for your hip?

Yes _____   No _____

a.      State the period during which you received non-surgical treatment:

_____

b.      State the nature of the non-surgical treatment (*e.g.*, rest, physical therapy, medication, injections): _____

_____

c.      State the name and address of all doctors or health care providers involved in your non-surgical treatment:

_____

_____

_____

15

3.  Did you see, read, or rely upon any documents or other information from Wright or MicroPort in making your decision to have the Device implanted?  Yes _____  No _____

    a.  If Yes, identify each document/source of information. _____

           _____

    b.  When did you read the document/receive the information? _____

           _____

    c.  How did you obtain the document or information? _____

           _____

    d.  Do you have the document or written information in your possession?  If so, please produce a copy of it together with your answers to the Plaintiff Fact Sheet.  Yes _____  No _____  I don't know _____

        If you no longer have the document or written information in your possession, describe the information that you received to the best of your ability:

           _____

           _____

4.  Were you given any verbal or written warnings, or a description of risks regarding the implantation of the Device?  Yes _____  No _____  I don't recall _____

    a.  If Yes, when did you receive the information? _____

    b.  Who gave you the information? _____

    c.  Do you have the written information in your possession?  If so, please produce a copy of it together with your answers to the Plaintiff Fact Sheet.  Yes _____  No _____  I don't know _____

    d.  Describe the oral warnings or description of the risks you received to the best of your ability.  If the written information is no longer in your possession, describe the information to the best of your ability:

           _____

           _____

           _____

5.   Have you had any communications with any present or former employee of Wright Medical Technology, Inc., MicroPort Orthopedics Inc., or any distributor or sales representative associated with those entities concerning the Device or matters in any way related to this lawsuit?  Yes _____  No _____

If Yes, for each, provide the following information:

| Date of Communication | Name of Person with Whom You Communicated | Mode of Communication (In Person, By Phone, By Email, By Mail) | Do you have a writing or recording? (IF SO, PLEASE ATTACH) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

If the communication was by phone or in-person, describe what was said to the best of your recollection:

_____

_____

_____


## VIII.   <u>INJURIES & DAMAGES</u>

1.   Are you claiming any physical injuries or illness as a result of the Device?

Yes _____  No _____

If Yes, please describe in detail the following:

a.   The physical injuries or illness claimed and when the symptoms began:_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

17

b.      Are those injuries or illnesses continuing?    Yes _____ No _____

c.      Have you ever been hospitalized as a result of any of these conditions?

Yes _____ No _____

If Yes, please provide the following information:

i. Approximate date(s) of hospital admission: _____

ii. Approximate date(s) of discharge: _____

iii. Hospital names(s) and address(es):_____

2.      Are you making a claim for lost wages or lost earning capacity?

Yes _____    No _____

a.      If Yes, describe your claim and attach your W-2 forms for (5) years before the revision surgery to present.  Your description should include the total amount of time (and amount of income) which you claim to have lost or will lose from work as a result of any condition which you claim or believe was caused by the Device, and an explanation of how those amounts were calculated:

_____

_____

_____

_____

b.      If you claim a loss of earnings, state your earned income from work for the five years before the revision surgery to present:

| YEAR | INCOME |
|------|--------|
| 2021 | $ |
| 2020 | $ |
| 2019 | $ |
| 2018 | $ |
| 2017 | $ |
| 2016 | $ |
| 2015 | $ |
| 2014 | $ |
| 2013 | $ |
| 2012 | $ |

18

## IX.   MEDICAL AND OUT-OF-POCKET EXPENSES

1.   State the amount of medical expenses, by provider, that you have incurred, including amounts billed to insurers and other third party payors, which are related to any condition which you claim or believe was caused by the Device for which you seek recovery in this action:

| Name and Address of Provider | Dates of Treatment | Amount of Medical Expenses |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

For any expenses claimed above, have they been reimbursed by any third party?

Yes _____   No _____

If Yes, identify which expenses, the amount reimbursed, the date reimbursed, and the third party that reimbursed the expense(s).

_____

_____

## XII.   DOCUMENT DEMANDS

These document requests are not intended to seek attorney client communications or attorney work product materials.  In addition, these requests do not encompass or seek information about expert witnesses or communications with and/or from experts or proposed trial exhibits or trial materials that may be subject to disclosure at a later date in accordance with subsequent Court Order or rule.  If you have any of the following in your possession which is not protected as set forth above, provide a copy of it with this Plaintiff Fact Sheet.

**REQUEST NO. 1:**   All medical records from any physician, hospital, or health care provider who has treated you for any injury, illness, and/or disease identified in response to this Plaintiff Fact Sheet.   This specifically includes, but is not limited to, records showing

19

manufacturer stickers and any other records showing all devices implanted during a revision surgery.

**REQUEST NO. 2:** All radiographs (x-rays, ultrasounds, MRIs, CT scans) that relate to the condition and injuries alleged in plaintiff's complaint, show any portion of plaintiff's hip, and/or depict the Device.

**REQUEST NO. 3:** All laboratory reports and results of blood tests performed on plaintiff that show the level of cobalt or chromium ion levels in the blood.

**REQUEST NO. 4:** All medical bills for which plaintiff seeks recovery in this lawsuit, as well as all documents relating to third-party payments of medical bills related to plaintiff's hip surgeries.

**REQUEST NO. 5:** All records of any other expenses allegedly incurred as a result of the injuries alleged in the complaint.

**REQUEST NO. 6:** All photographs and videos of plaintiff's hip surgeries and all photographs and videos of plaintiff which show plaintiff's condition since the date of the original Device implantation.

**REQUEST NO. 7:** Any documents received by you from surgeons, physicians, or other health care professionals who have treated you for any condition related to the Device, including but not limited to literature or warnings.

**REQUEST NO. 8:** Any documents including diaries, journals, calendars, emails, texts, or other notes prepared by plaintiff or plaintiff's representative, other than plaintiff's attorneys, concerning Defendants or concerning the incident, your alleged injuries, or the limitations you claim to have experienced following your hip surgeries.

**REQUEST NO. 9**:   All materials you received before the Device was implanted in you concerning the nature of the Device, whether created by Defendants, your health care provider, or any other third party.

**REQUEST NO. 10:** If applicable, the decedent's death certificate, letter of administration, and/or autopsy report.

**REQUEST NO. 11:** If applicable, all bankruptcy petitions and orders of discharge for all bankruptcy claims made by you or your spouse since the date of your first hip surgery.


## XIII.   AUTHORIZATIONS

I agree that I will provide an executed general authorization for the release of applicable medical records within fourteen (14) days of any request for the same, and further agree to cooperate to provide any authorizations necessary for the collection of applicable medical, insurance, employment, or other records as it pertains to discovery of my claims in this MDL proceeding.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE: PROFEMUR HIP IMPLANT<br><br>PRODUCTS LIABILITY<br>LITIGATION | ) ) ) ) ) ) ) | **MDL No. 2949**<br>**4:20-MD-2999-KGB**<br><br>**DEFENDANT FACT SHEET**<br><br>**ALL CASES** |

Defendant _____ ("Defendant," "You" or "Your") hereby submits the following Defendant Fact Sheet responses and related Documents in the below reference individual case.

### INSTRUCTIONS

Provide the following information for Plaintiff (or Plaintiff's decedent) (hereinafter "Plaintiff") who was implanted with a Profemur Hip Implant System or any components thereof (hereinafter "Device") that is the subject of Plaintiff's complaint in this action. In filling out any section or sub-section of this form, please submit additional sheets as necessary to provide complete information.

In filling out this form, please respond on the basis of information and/or documents that are reasonably available to Defendant.

"Healthcare Providers": Shall be defined as all Persons identified in Section II of the Plaintiff Fact Sheet submitted by Plaintiff who performed implantation or revision surgery to implant or explant Plaintiff's Device.

In completing this Defendant Fact Sheet, You are under oath and must provide information that is true and correct to the best of Your knowledge, information and belief. The responses you provide in response to this Defendant Fact Sheet constitute discovery responses subject to the Federal Rules of Civil Procedure. If the response to any of the following is that You do not know the information requested or that documents are not reasonably available, that response should be entered in the appropriate location(s).



A.      **CASE AND RESPONSE INFORMATION**

      1.      This Defendant Fact Sheet pertains to the following case:

            Case Caption: _____

            Case Action No.: _____

B.      **DEVICE MANUFACTURE INFORMATION**

      1.      For each Device identified by Plaintiff in response to Section II of the Plaintiff Fact Sheet (hereinafter "PFS") submitted by Plaintiff, provide the Device History Record for the Device.

      2.      For each Device identified by Plaintiff in response to Section II of the PFS submitted by Plaintiff, please provide the following:

           a.      A copy of the complaint file(s), including medical records, if any, for the Plaintiff.

           b.      If not contained in the complaint file, any non-privileged report concerning any investigation or analysis performed of Plaintiff's retrieved Device.

C.      **PRODUCT/ MARKETING/ SALES REPRESENTATIVE AND MANAGER INFORMATION**

      1.   Provide the name and business address of the sales representative assigned to the implanting surgeon, area or hospital at the time of Plaintiff's index surgery.

           _____

           _____

           _____

      2.   Provide the name and business address of the sales representative assigned to the revision surgeon, area or hospital at the time of Plaintiff's revision surgery.

           _____

           _____

           _____

      3.   Produce the invoice for each Device identified in response to Section II of the PFS.

4. To the extent that any of Your components were implanted as part of a Plaintiff's revision surgery or any surgery performed on Plaintiff's hip subsequent to Plaintiff's index surgery, produce the invoice for each such Device.

**D.   COMMUNICATIONS      AND      RELATIONSHIPS       WITH      PLAINTIFFS' HEALTHCARE PROVIDERS AND PLAINTIFF**

1. Produce Communications between Defendant and Plaintiff's Healthcare Providers relating to Plaintiff's Index surgery and/or Revision surgery, to the extent any exist.

2. Produce any Dear Doctor letters provided to Plaintiff's Healthcare Provider(s) by Defendant concerning the Profemur Hip Device at issue.

3. To the extent not already provided in response to another DFS, produce consulting agreements, if any, between Defendant and any of Plaintiff's Healthcare Providers, relating to consulting relationships to provide advice on the design, study, testing or use of hip replacement systems.

**E.   ADVERSE EVENT REPORTS**

1. Provide the identification number for any Medwatch Manufacturer Report(s) for each Device identified in response to Section II of the PFS.

2. To the extent not provided in response to any of the above, provide any MEDWATCH Forms [3500A Facsimile] and all attachments thereto relating to the reported revision of each Device identified in response to Section II of the PFS.

_____