IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IN RE:  PROFEMUR HIP IMPLANT             )          MDL No. 2949
PRODUCTS LIABILITY LITIGATION       )               ALL CASES

## ORDER

The Court held a status conference with the parties on February 25, 2022, to discuss several matters including documents available from plaintiffs' leadership counsel produced in prior cases involving Wright Medical Technology, Inc., the possibility of lifting the stay on discovery in this Multi District Litigation ("MDL"), and the scope of discovery with Microport Orthopedics, Inc. ("Microport") in the MDL (Dkt. Nos. 103, 104).

The Court understands that the parties have a mediation scheduled on March 14 and 15, 2022.  The Court instructs the parties to submit a joint status report to the Court on or before March 22, 2022, that addresses the following matters:

1. The status report shall set forth whether any party or all parties seek to lift the stay on discovery in this MDL.

2. If any party seeks to lift the stay on discovery in this MDL:

   a. The parties shall meet and confer on the need for additional discovery, including ESI as to the Wright Medical Defendants, and set forth in their status report to the Court a proposed schedule for completion of remaining discovery.

   b. The parties shall set forth in their status report to the Court whether the parties consider ripe for decision the ESI search term matters related to Microport raised by the parties in their August 13, 2021, written submissions to the Court and argued at a hearing held on September 30, 2021.  If the parties would like to supplement their briefing on the ESI search term

matters related to Microport, the parties must set forth a date by which the parties agree to submit further briefing to the Court.

  c. The parties shall identify for the Court anticipated issues that remain as an impediment to completing discovery in this MDL.

3. The Court acknowledges that plaintiffs in their February 22, 2022, Status Report identified documents available from plaintiffs' leadership counsel produced in prior cases involving Wright Medical Defendants. The Court makes clear that, at this stage, the Court has not ruled that any discovery on Wright Medical from any underlying litigation is now available in this MDL. Instead, the Court encouraged the parties to confer and then inform the Court as to the status of such discovery and its potential availability to all participants in this MDL. The Court has made no rulings regarding availability.

  a. In this regard, the Court understands that plaintiffs have identified documents, including but not limited to confidential document productions, from multiple different litigations and numerous deposition transcripts in plaintiffs' most recent Status Report filed with the Court on February 22, 2022. The parties shall inform the Court as to any agreement reached among the parties on discovery related to Wright Medical from underlying litigation to be available in this MDL.

  b. The parties shall set forth in their written status report to the Court a proposed schedule for completing the parties' discussions on these issues.

  c. The parties may, if appropriate, inform the Court as to issues the parties anticipate the Court will resolve to determine discovery related to Wright Medical from underlying litigation that may be available in this MDL.

      4.      The parties shall inform the Court as to the status of information gathered pursuant to the Order For Further Documentation of Plaintiffs' Alleged Injuries (Dkt. No. 99). The parties may also include in their joint status report any other issues the parties would like to raise with the Court. If the parties are unable to reach consensus to prepare and submit a joint status report, the parties may each submit a status report to the Court by March 22, 2022.

      So ordered this 7th day of March, 2022.

*[signature: Kristine G. Baker]*

Kristine G. Baker
United States District Court Judge