IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE: PROFEMUR HIP IMPLANT ) | | MDL No. 2949 |
| PRODUCTS LIABILITY LITIGATION ) | | ALL CASES |

### JOINT MOTION TO CLOSE MDL NO. 2949 TO NEW CLAIMS AND REMAND REMAINING CASES

The above captioned product liability litigation involving certain PROFEMUR® hip replacement devices manufactured by Wright Medical Technology, Inc. and MicroPort Orthopedics Inc. was transferred to this Court on August 14, 2020. Dkt. #1. Since that time, the parties have worked together efficiently to address discovery issues from the vast existing case materials covering these products and claims, and have successfully negotiated both individual and Master Settlement Agreements ("MSA's") covering virtually all claims in this MDL.

As a result, this MDL has run its course and leadership counsel believes it can be closed at this time. Accordingly, the parties respectfully request that the Court send a memorandum suggestion to the United States Judicial Panel on Multidistrict Litigation (the "JPML") that: (a) informs the JPML that MDL No. 2949 is in a final wind-up phase; (b) requests that the MDL Panel cease transferring new actions to MDL No. 2949 as tag-along cases; and (c) seeks remand of the few remaining cases.[1]

**I.      The Court Should Recommend that the JPML Close the MDL and Remand Any Remaining Cases.**

Over the past several months, the parties have kept the Court apprised of resolution efforts through periodic reporting. As a result of their progress in addressing all but a handful of

---

[1] The Court previously indicated an intent to set a show cause hearing for the remaining open claims as to why those cases should not be remanded. If the Court still prefers to begin the closure process with this step, before sending a suggestion to the JPML, the parties are agreeable and able to prepare a draft order if helpful.

claims in the MDL, the Court amended its Case Management Order No. 1 [Dkt. # 56] ("CMO-1") to close the MDL to direct filing of new claims. Since that time, the settlements subject to the most recent MSA's have been completed with applicable cases dismissed, with only two cases now pending in the MDL as identified in the attached **Exhibit A**. Of these, *Nelson v. Wright Medical*, No. 4:22-cv-00112-KGB, is outside the scope of this litigation and should be remanded regardless.[2] The remaining matter can be handled efficiently by counsel outside of this MDL based on the progress made to date within the MDL. Accordingly, at this stage, the parties and this Court agree that the MDL has run its course.

Thus, the parties respectfully request this Court to: (a) inform the JPML that MDL No. 2949 is in a final wind-up phase; (b) recommend that the MDL Panel cease transferring new actions to MDL No. 2949 as tag-along cases; and (c) suggest that the Panel remand the remaining claims. As the transferee court for the above MDL, this Court has "wide discretion to manage complex issues and potential burdens on defendants and the court." *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) (quotation omitted). That is because "[i]n his supervisory role, [the transferee judge] is in a unique position to determine how the litigation can best proceed to insure the maximum efficiency for all parties and the judiciary." *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L. 1976); *see also In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822 (D.C. Cir. 2009) ("District judges must have authority to manage their dockets, especially during massive litigation . . . ."). Because the purposes of this MDL have been fulfilled, this Court should inform the JPML that the MDL is in a wind-up phase, recommend that the JPML cease transferring new cases to this MDL, and suggest remand

---

[2] The *Nelson* matter involves claims of alleged corrosion of the PROFEMUR® Titanium Modular Neck and is outside the definitional scope of this MDL per Case Management Order No. 1, ¶ 2.

of the remaining matters to their original district courts. It is well within this Court's authority to make such a recommendation. *See, e.g.*, *Asbestos Prod. Liab. Litig. (No. VI)*, 830 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011) (accepting the transferee judge's suggestion that the MDL Panel cease transferring tag-along actions to that multidistrict litigation in part because "all cases currently pending therein are proceeding under scheduling orders calling for their adjudication, settlement, or Section 1407 remand").

A chart of the two remaining cases is attached as **Exhibit A** to this Motion and it includes the appropriate district court for remand. As indicated above, if the Court prefers to issue a show cause order as to the open cases before filing a suggestion of remand before the JPML, the parties are agreeable to that procedure and can prepare a draft order at the Court's direction.

Respectfully submitted, this 16th day of January, 2025:

/s/ N. Kirkland Pope
N. Kirkland Pope, Esq.
**Pope McGlamry, P.C.**
3391 Peachtree Road, NE, Suite 300
Atlanta, GA 30326
Telephone: 404.523.7706
Facsimile: 404.524-1648
kirkpope@pmkm.com
efile@pmkm.com

George E. McLaughlin, Esq.
**McLaughlin Law Firm. P.C.**
1890 Gaylord Street
Denver, CO 80206-1211
Telephone: 720.420.9800
Facsimile: 303.322.3423
gem@mcllf.com

*Attorneys for Plaintiffs*


/s/ Julie Y. Park
Erin M. Bosman (CA Bar No. 204987)
EBosman@mofo.com
Julie Y. Park (CA Bar No. 259929)
JuliePark@mofo.com

/s/ Anne A, Gruner
Dana J. Ash, Esq.
Sean K. Burke, Esq.
Anne A. Gruner, Esq.
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1197
Facsimile: 215.689.0844
DJAsh@duanemorris.com
SBurke@duanemorris.com
AAGruner@duanemorris.com

*Attorneys for Defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc.*

**MORRISON & FOERSTER LLP**
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
T: (858) 720-5100
F: (858) 720-5125

*Attorneys for Defendant*
*MicroPort Orthopedics Inc.*

# Exhibit A

| No. | Name | Case No. | Jurisdiction for Transfer |
|---|---|---|---|
| 1 | Nelson, John | 4:22-cv-00112-KGB | W.D. Wisconsin |
| 2 | Schaapman, Brandon | 4:24-cv-00895-KGB | D. Idaho |
| 3 | Simkins, Joseph[3] | 4:24-cv-00761-KGB | D. Oregon |

---

[3] A dismissal was filed in the *Simkins* matter prior to its transfer to this Court. Accordingly, this matter can be closed on the Court's docket.